UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:03-cv-646 AS |
| | ) | |
| JOHN BABICK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On September 10, 2003, Plaintiff filed a complaint naming twelve defendants. On April 16, 2004, the court issued an order severing all Defendants in this case, with the exception of the first named Defendant, for misjoinder. The court specifically stated that if Plaintiff wished to pursue claims against the severed Defendants, it must file new complaints against the individual Defendants and pay the required filing fees. Although the ordered was entered on April 16, 2004, due to a clerical error, the docket did not correctly reflect that eleven Defendants had been dismissed from this case. Since that time, Plaintiff has voluntarily dismissed the action against nine of the Defendants. Plaintiff has now filed two motions for Clerk's entry of default against Defendants Edgington and Cano.

Because Edgington and Cano were effectively terminated from this action with the court's April 16, 2004 order, despite the fact that the header on the docket sheet did not reflect the termination, this Court now **RECOMMENDS** that the court order the Clerk to **VACATE** the Clerk's entry of default [Doc. Nos. 68 and 69]. In addition, this Court **RECOMMENDS** that Defendants Edgington and Cano be **DISMISSED** in accordance with the court's April 16,

2004 order.  Because all other Defendants in this case have now been dismissed, including the named Defendant, this Court **RECOMMENDS** that this case be **DISMISSED** in its entirety.

>  **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed.R.Civ.P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  See Thomas v. Arn, 474 U.S. 140 (1985); Lerro v. Quaker Oats Co., 84 F.3d 239 (7th Cir. 1996).**

**SO ORDERED.**

Dated this 29th Day of August, 2005.

                              s/Christopher A. Nuechterlein
                              Christopher A. Nuechterlein
                              United States Magistrate Judge